

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. H. Cavness
State Auditor
Austin, Texas

Dear Mr. Cavness:

Opinion No. O-4864
Re: Validity of appointment
of member of Board of
Directors of Lower Colo-
rado River Authority;
and related questions.

From your letter of September 14th, it appears that on May 5, 1941, while the 47th Legislature was in session, Honorable W. Lee O'Daniel undertook to appoint Mr. B. O. Elzner to be a member of the Board of Directors of the Lower Colorado River Authority for a six-year term, ending January 1, 1947; that in the letter notifying the Secretary of State thereof, and directing the issuance of the commission, Governor O'Daniel advised: "This appointment does not have to be confirmed by the Senate." The appointment was never submitted to the Senate for confirmation, and the Senate never voluntarily acted thereon. The commission was issued, Mr. Elzner undertook to qualify, and has since been serving as such officer.

Upon this statement of facts, you ask the opinion of this Department upon certain questions.

(1)  Was the appointment of Mr. Elzner valid?

In the case of Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S. W. (2) 629, the Supreme Court of Texas held that members of the Board of Directors of the L. C. R. A. occupy State offices, as members of a State board.

Art. 4, Sec. 12, of the State Constitution, provides in part:

"All vacancies in State . . . offices,
. . . shall be filled unless otherwise pro-
vided by law, by appointment of the Govern-
or, which appointment, if made during its
session, shall be with the advice and con-
sent of two-thirds of the Senate present.
. . . ."

The appointment here was made to fill a vacancy
in the term of a State office. It was made while the Sen-
ate was in session. Under such circumstances, the lawful
appointing power consisted, under Sec. 12 of Art. 4, of
the Governor and the Senate. A valid appointment required
the joint action of the Governor and the Senate. The at-
tempted appointment by the Governor alone was a nullity,
and conferred no legal right upon the supposed appointee
to take and hold the office. Denison v. State, (Civ.
Apps.) 61 S. W. (2) 1017, error refused, 122 Tex. 459, 61
S. W. (2) 1022; Erumby v. Boyd, (Civ. Apps.) 66 S. W. 874;
Brown v. State, 43 Tex. 478. (See also Conf. Op. No. 3076)

(2) Is there a vacancy in the office to which
Mr. Elzner was appointed; and if so, by whom may it be
filled?

Since the appointment of Mr. Elzner was a nullity,
the vacancy in the term of the office which Governor O'Daniel
undertook to fill by the designation has continued from the
time it first arose, and may now be filled by interim appoint-
ment of the Governor, as authorized by Art. 4, Sec. 12, of
the Constitution. Such interim appointee must be nominated
to the Senate during the first ten days of its session; but
his appointment by the Governor during the recess of the
Senate will confer upon him an immediate right, de jure, to
take and occupy the office until the Senate shall have re-
jected him, or for the term, if the Senate should confirm
his appointment.

If Mr. Elzner should decline to surrender the off-
ice to the appointee of the Governor, an action of quo war-
ranto, on the relation of such appointee, may be instituted
to remove him therefrom by the Attorney General.

We express no opinion with reference to other questions at this time. Consideration thereof will be deferred until a later date, in order that this opinion upon the more pressing problem may be released as early as possible.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild
R. W. Fairchild
Assistant

RWF:ff APPROVED NOV 12, 1942

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN